UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD M. PARKER,<br><br>  Petitioner,<br><br>vs.<br><br>ROBERT BAYER, *et al.,*<br><br>  Respondents. | 3:98-cv-0723-LRH-VPC<br><br>**ORDER** |

This habeas corpus action was dismissed and judgment entered on June 2, 2000, when the Court determined that his petition contained unexhausted claims which petitioner declined to abandon (docket #39 and #40). Petitioner has now filed a motion to file a statement of additional claims (docket #42), referring to the Court's "most recent Order in the Case." Petitioner further moves to have the case transferred to the unofficial southern division of the court because of his present housing and seeks to substitute D.W. Neven as the respondent. Petitioner states that he is now in a position to return to this Court and seeks appointment of counsel to assist him as he had when his petition was originally filed with this Court. *Id*.

First, the Court reiterates that this action was dismissed not stayed, albeit the dismissal was without prejudice. *See* Order (docket #39). Thus, this case has concluded.

Second, it has been more than twelve years since this action was dismissed without prejudice and petitioner's attempt to reopen it through a motion to file a statement of supplemental claims is ineffectual. During that twelve years, the United States Supreme Court determined that time passing while a federal petition is pending does not toll the one-year statute of limitations imposed under 28

U.S.C. § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 172, 121 S.Ct. 2120 (2001). However, *Duncan* did not decide if equitable tolling of the limitations period may be available in circumstances such as petitioner's, where his first federal petition was timely, but the one-year period expired while the initial federal petition was pending. *Id.* at 180 (noting the "potential unfairness to litigants who file timely federal habeas petitions that are dismissed without prejudice after the limitations period has expired"). The Ninth Circuit has not yet answered that question. *See Fail v. Hubbard,* 315 F.3d 1059, 1062 (9th Cir. 2001).

Petitioner offers no evidence, such as copies of the orders from the state courts, which indicate that he has, in fact, exhausted the unexhausted claims he previously submitted or how and when those state actions were concluded. As a result, petitioner's motions shall remain pending until such time as petitioner provides the Court with copies of the state court decisions addressing his previously unexhausted claims. At that time, the Court will review the orders and consider petitioner's motions and the status of this action.

**IT IS THEREFORE ORDERED** that petitioner's motion to file a statement of additional claims (docket #42) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have thirty days from entry of this order to file a Notice to the Court which shall include copies of the final orders issued in the state court proceedings commenced or completed after dismissal of this action in 2000. Thereafter, the Court shall consider how to proceed.

DATED this 6th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2