UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDWARD M. PARKER, | ) | |
| Petitioner, | ) | 3:98-cv-0723-LRH-VPC |
| vs. | ) | **ORDER** |
| ROBERT BAYER, *et al.*, | ) | |
| Respondents. | ) | |

This habeas corpus action was dismissed and judgment entered on June 2, 2000, when the Court determined that his petition contained unexhausted claims which petitioner declined to abandon. (docket #39 and #40). On August 15, 2012, some twelve years later, petitioner filed a motion to file a statement of additional claims (docket #42), referring to the Court's "most recent Order in the Case." Petitioner further moved to have the case transferred to the unofficial southern division of the court because of his present housing and seeks to substitute D.W. Neven as the respondent. Petitioner stated that he was in a position to return to this Court and sought appointment of counsel to assist him as he had when his petition was originally filed with this Court. *Id.*

This action was dismissed not stayed, albeit the dismissal was without prejudice. *See* Order (docket #39). Thus, this case has concluded. Second, it has been more than twelve years since this action was dismissed without prejudice and petitioner's attempt to reopen it through a motion to file a statement of supplemental claims is ineffectual. During that twelve years, the United States Supreme Court determined that time passing while a federal petition is pending does not toll the one-

year statute of limitations imposed under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 172, 121 S.Ct. 2120 (2001). However, *Duncan* did not decide if equitable tolling of the limitations period may be available in circumstances such as petitioner's, where his first federal petition was timely, but the one-year period expired while the initial federal petition was pending. *Id.* at 180 (noting the "potential unfairness to litigants who file timely federal habeas petitions that are dismissed without prejudice after the limitations period has expired"). The Ninth Circuit has not yet answered that question. *See Fail v. Hubbard,* 315 F.3d 1059, 1062 (9th Cir. 2001).

      Petitioner was directed to provide the Court with copies of any orders entered in his state court proceedings which indicate that he had, in fact, exhausted the unexhausted claims he previously submitted and how and when those state actions were concluded. Petitioner was unable to provide the Court with copies of the required documents. However, respondents have done so (docket 48). These documents indicate that petitioner did return to state court to exhaust his claims, but he did not follow through with the litigation. According to the exhibits provided by respondents, petitioner filed a state petition in 2000 (ex. 1), which was opposed as untimely (ex. 2).[1] The petition was dismissed as untimely (ex. 3) and the Nevada Supreme Court affirmed the dismissal (ex. 4). Petitioner apparently took no further action until 2010 when he filed another state post-conviction petition (ex. 6). This petition, too, was found to be untimely filed (ex. 7), a finding upheld by the Nevada Supreme Court (ex. 8). Those proceedings concluded in March of 2011.

      These documents suggest that petitioner was dilatory in his pursuit of state court relief. Moreover, petitioner offers nothing to suggest that good cause exists to allow equitable tolling of the statute of limitations imposed by 28 U.S.C. § 2244(d) for the time while the action was originally pending. Neither has petitioner offered any good reason to set aside the judgment in this action.

      No certificate of appealability is warranted on this order because no jurist or reason would

---

[1] The exhibits referenced in this Order are those attached to respondents' Notice to Court and Provision of Exhibits found in the docket at 48.

find the decision debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Clerk shall re-close this action and shall not accept any further documents for filing herein except a proper notice of appeal.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue as to this order.

Dated, this 10th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES SENIOR DISTRICT JUDGE